999 F.2d 542
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald S. FREEMAN, Plaintiff-Appellant,
v.
MCDONNELL DOUGLAS CORPORATION; Does I Through X,
Defendants-Appellees.
 No. 92-56150.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1993*
Decided July 13, 1993.
 
 Before TANG, POOLE and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald S. Freeman appeals the district court's grant of summary judgment in favor of defendant McDonnell Douglas Corporation ("MDC"), Freeman's former employer, in Freeman's action for fraud and negligent misrepresentation. Freeman alleges that in reliance on a false representation made by MDC that his future employment with the company was secure, he sold his home in West Los Angeles at an inopportune time and as a result suffered severe economic loss. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 * Background
 
 
 4
 On September 27, 1988, in response to concerns raised by Freeman regarding his position with the MDC, Freeman's supervisor assured him that his future employment with the company was secure. In 1989, in order to be nearer to his division's headquarters, Freeman sold his home in West Los Angeles for 1.5 million. Freeman contends that he made the sale in reliance on the September 27, 1988 assurance of his supervisor and on his understanding that MDC wanted him to relocate. In August 1989, prior to purchasing another home, Freeman was terminated from MDC. Without his previous salary, Freeman contends that he was unable to afford a home of comparable value and thus was forced to pay a capital gains tax on the difference between the sale price of his West Los Angeles home and the $800,000 purchase price of his Newport Beach home. Freeman also contends that had he waited to sell his home until the present time, he could have realized $500,000 in appreciation.
 
 
 5
 In this action, Freeman contends that the defendants knew or should have known that he would be terminated from MDC at the time they assured him that his future employment with the company was secure. Freeman seeks $900,000 in economic and general damages.
 
 II
 Merits
 A. Standard of Review
 
 6
 We review de novo a grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). To avoid summary judgment, Freeman must raise a "genuine" factual dispute concerning his claims. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 249-50 (1986) (citations omitted). A dispute is not genuine "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. Thus, a "suspicion of improper motives unsupported by stronger evidence, is insufficient to raise an issue of fact" sufficient to withstand summary judgment. Moore v. Home Ins. Co., 601 F.2d 1072, 1075 (9th Cir.1979)
 
 B. Intentional Misrepresentation
 
 7
 In California, "fraud is established when a misrepresentation is knowingly made with the intent to induce reliance, and justifiable reliance results causing the plaintiff damages." Glovatorium Inc. v. NCR Corp, 684 F.2d 658, 660 (9th Cir.1982).
 
 
 8
 Here, in its motion for summary judgment, MDC submitted a number of affidavits from its executives in support of its contention that the September 1988 assurance to Freeman regarding his employment was made in good faith. The undisputed deposition testimony of MDC's executives alleges that the July 1989 decision to terminate Freeman and subsequently to eliminate his division was based on the company's unexpected loss of its largest customer.
 
 
 9
 In opposition to the defendants' motion for summary judgment, Freeman submitted "flow charts" from a management meeting held in September 1988 which he claims conclusively establish that defendants had made a decision to terminate him in 1988, several days prior to assuring him of his position with MDC, and almost one year prior to MDC's loss of its largest customer.
 
 
 10
 The charts fail to raise a genuine factual dispute. Because Freeman did not attend the September meeting, any interpretation of these charts is based on speculation. Thus, it is impossible to determine the significance of the charts, the context in which they were made, or what role they played in any type of policy or decision-making. Freeman's other items of evidence are similarly speculative, and, at best, raise only a suspicion of improper motive. Accordingly, because mere "suspicions" of improper motive are insufficient to raise a genuine issue of fact, the district court properly granted summary judgment for the defendants on Freeman's fraud claim. See Moore, 601 F.2d at 1075.
 
 C. Negligent Misrepresentation
 
 11
 In California to establish negligent misrepresentation, a plaintiff must show the existence of an "assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true." Cal.Civ.Code. § 1710(2); Eddy v. Sharp, 199 Cal.App.3d 858, 864, 245 Cal.Rptr. 211 (1988). Freeman testified during his deposition that the MDC executive who assured him of his future with the company had a reasonable basis for making the statement. Although Freeman later attempted to retract this statement in a declaration, we agree with the district court that Freeman's deposition testimony defeated his claim for negligent misrepresentation. See Anderson, 477 U.S. at 249-50.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Freeman's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3